IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRADLEY E. KLINE,  :
    Plaintiff  :
  :
  :  No. 1:15-cv-02468
    v.  :
  :  (Judge Kane)
TRAVELERS PERSONAL SECURITY  :
INSURANCE COMPANY,  :
    Defendant  :

**MEMORANDUM**

Before the Court is Plaintiff Bradley E. Kline's motion to remand. (Doc. No. 5.) Upon review of Plaintiff's motion and the notice of removal, the Court will grant Plaintiff's motion and will remand the case to the Court of Common Pleas of York County, Pennsylvania.

**I.    BACKGROUND**

This action concerns whether Plaintiff is entitled to recover stacked[1] benefits under a car insurance policy issued by Defendant Travelers Personal Security Insurance Company. (Doc. No. 1-2 at 7-12.) According to the complaint, Plaintiff purchased an automobile insurance policy ("the policy") from Defendant in July 2002 to cover a 1999 Pontiac Grand Prix. (Id. at 4.) Shortly thereafter, on or about August 9, 2002, Plaintiff allegedly signed an "underinsured motorist stacking rejection form" for the policy. (Id. at 5.)

On June 6, 2007 and again on August 11, 2011, Plaintiff added a car under the policy. (Id. at 3-6.) In particular, Plaintiff alleges that he added a 2003 Pontiac Vibe to the policy on August 11, 2011 without discussing or waiving the option of stacking benefits. (Id. at 6-7.) On September 18, 2012, Plaintiff was involved in a motor vehicle accident while driving the 2003

---

[1] "The basic concept of stacking is the ability to add the coverages available from different vehicles and/or different policies to provide a greater amount of coverage available under any one vehicle or policy." Seiple v. Progressive N. Ins. Co., 568 F. App'x 183, 184 (3d Cir. 2014) (quoting Sackett v. Nationwide Mut. Ins. Co., 919 A.2d 194, 196 n. 3 (Pa. 2007)).

1

Pontiac Vibe.  (Id. at 7.)  According to the complaint, Defendant tendered unstacked underinsured motorist ("UIM") policy limits but denied Plaintiff's request for stacked coverage.  (See Doc. No. 1-2 at 7-8.)

On November 23, 2015, Plaintiff brought suit in the Court of Common Pleas of York County alleging violations of Pennsylvania law and claiming that Plaintiff is "entitled to make a claim for stacked UIM benefits under the policy."  (Id. at 8-12.)  Plaintiff claims that – despite adding vehicles to his car insurance policy over the years – Defendant insurer failed to provide Plaintiff with the option to stack underinsured motorist benefits or obtain "a new UIM stacking waiver from" Plaintiff.  (Id. at 5-7.)  As relief, Plaintiff requests a declaratory judgment that Plaintiff is entitled to seek UIM coverage under the policy.[2]  (Id. at 14.)  On December 22, 2015, Defendant filed a timely notice of removal pursuant to 28 U.S.C. §§ 1441 and 1446(b).  (Doc. No. 1.)  On January 22, 2016, Plaintiff Bradley E. Kline filed the present motion to remand the case.  (Doc. No. 5.)  The motion has been fully briefed and is ripe for disposition.

**II.   DISCUSSION**

In the present motion to remand, Plaintiff submits two arguments in favor of remanding the above-captioned case.  (See Doc. No. 5.)  First, Plaintiff contends that the amount in controversy does not exceed $75,000 to satisfy diversity jurisdiction under 28 U.S.C. §1332(a).  (See Doc. No. 5 at 3, 6.)  Second, Plaintiff argues that there is "no need for the federal court to exercise its discretionary jurisdiction to resolve a purely state law matter" because Plaintiff "seeks solely declaratory relief in accordance with the Pennsylvania Declaratory Judgment Act."  (Doc. No. 5 at 2-3, 6.)  The Court addresses Plaintiff's arguments in turn.

---

[2] Plaintiff also alleges that he is "entitled to make a claim for UIM benefits, including stacked benefits" under the Travelers policy of Plaintiff's mother as "a family member and resident relative."  (Doc. No. 1-2 at 12-14.)

2

### A. Amount in Controversy Requirement

As a threshold matter, the Court must first determine whether it has subject matter jurisdiction over the action pursuant to 28 U.S.C. §1332(a). Diversity jurisdiction is properly invoked in cases where there is complete diversity of citizenship between plaintiffs and defendants" and where the amount in controversy exceeds $75,000. See Brown v. Francis, 75 F.3d 860, 865 (3d Cir. 1996) (citing 28 U.S.C. § 1332). A "state court case that implicates diversity jurisdiction may be removed to federal court," Brown v. Francis, 75 F.3d 860, 865 (3d Cir. 1996), provided "that the defendant is not a citizen of the state in which the action is brought." Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 346 (3d Cir. 2013). Here, there is complete diversity between the parties because Defendant is a citizen of Connecticut and Plaintiff is a citizen of Pennsylvania. (Doc. No. 1 at 2-3.)

As to the amount in controversy requirement, "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." Hunt v. Washington State Apple Advert. Comm'n, 432 U.S. 333, 347 (U.S. 1977).[3] Here, Plaintiff contends that he has "not alleged an amount in controversy in excess of $75,000," (Doc. No. 5 at 6), while Defendant claims that Plaintiff indeed has alleged an amount in controversy exceeding $75,000 (Doc. Nos. 1 ¶ 9; 7 at 4-5). Neither party has briefed this particular issue. However, the Court is persuaded that mere "[i]ndeterminacy of the amount to be recovered" is "not sufficient to defeat diversity jurisdiction" under the circumstances. Jumara v. State Farm Ins. Co., 55 F.3d 873, 877 (3d Cir. 1995). Given that Plaintiff has alleged serious personal injuries and an entitlement to as much as $300,000 in

---

[3] "The allegations on the face of the complaint control the amount in controversy unless it appears to a legal certainty the claim is really for less than the jurisdictional amount ...." Jumara v. State Farm Ins. Co., 55 F.3d 873, 877 (3d Cir. 1995) (internal citations omitted).

insurance coverage, (Doc. No. 1-2 at 7-8, 12-13; see Doc. No. 7 at 4-5), this Court cannot say with certainty that Plaintiff will recover an amount equal to or less than $75,000. See Jumara, 55 F.3d at 877. Thus, the Court finds that amount in controversy requirement under 28 U.S.C. § 1332(a) is satisfied.

### B.    Discretionary Jurisdiction under the Declaratory Judgment Act

Plaintiff also argues that the Court should decline jurisdiction over its declaratory judgment action pursuant to the Declaratory Judgment Act ("DJA"). (Doc. No. 6 at 4.) The DJA provides that federal courts "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."[4] 28 U.S.C. § 2201(a) (emphasis added). District courts "possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995) (internal citation omitted).

Insurance companies commonly invoke "diversity jurisdiction to seek a declaratory judgment on a purely state law matter" in federal court. Reifer v. Westport Ins. Corp., 751 F.3d 129, 141 (3d Cir. 2014) (internal citation omitted). In response thereto, the United States Court of Appeals for the Third Circuit remarked in State Auto Insurance Companies v. Summy: "[t]he desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum." 234 F.3d 131, 136 (3d Cir. 2000). As such, the "practice of the District Courts sitting in Pennsylvania is to decline to

---

[4] As Judge Conner reasoned in Everett Cash Mutual Insurance Company v. Insurance Corporation of Hanover, "[p]roceeding under the Pennsylvania Declaratory Judgment Act is improper, however, because '[a]n action for declaratory judgment is procedural in nature and purpose,' … and a federal court sitting in diversity must apply federal law with respect to procedural rules." No. 07-0641, 2008 WL 4453113, at *3 (M.D. Pa. Sept. 30, 2008) (quoting Munich Welding, Inc. v. Great Am. Ins., 415 F. Supp. 2d 571, 574 (W.D. Pa. 2006)).

exercise jurisdiction over declaratory judgment actions, involving an insurance company, that are solely brought on diversity, and have no federal question or interest." Reifer v. Westport Ins. Corp., 943 F. Supp. 2d 506, 508 (M.D. Pa. 2013) (Brann, J.); accord Nationwide Agribusiness Ins. Co. v. Sheriff, No. 14-2082, 2015 WL 365679 (M.D. Pa. Jan. 27, 2015) (Conner, J.)

However, the Third Circuit recently cautioned against "declining jurisdiction per se" where an insurer invokes "diversity jurisdiction to bring a declaratory judgment action against an insured on an issue of coverage." See Reifer v. Westport Ins. Corp., 751 F.3d 129, 147 (3d Cir. 2014). The Third Circuit instead instructed district courts to consider a number of non-exhaustive factors, where applicable, when determining whether to exercise DJA jurisdiction:

> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy; (2) the convenience of the parties; (3) the public interest in settlement of the uncertainty of obligation; (4) the availability and relative convenience of other remedies; (5) a general policy of restraint when the same issues are pending in a state court; (6) avoidance of duplicative litigation; (7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for *res judicata;* and (8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

751 F.3d 129, 144, 146 (3d Cir. 2014).[5] The Reifer panel also stated that, "[w]here state law is uncertain or undetermined, the proper relationship between federal and state courts requires district courts to 'step back' and be 'particularly reluctant' to exercise DJA jurisdiction." Id. at 148.

---

[5] The Third Circuit in Reifer also instructed district courts to consult the factors established in the Supreme Court's Brillhart v. Excess Insurance Company of America decision: "the scope of the pending state court proceeding ... the nature of the defenses open there.... whether the of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc." Reifer, 751 F.3d at 146 & n.21 (3d Cir. 2014) (internal citations omitted).

### C. Application of the Declaratory Judgment Act

The Court considers in turn the relevant factors that the Third Circuit detailed in its Reifer decision. Id. at 146 & n.21. First, as to the "the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy," Reifer, 751 F.3d at 146, this factor weighs in favor of exercising jurisdiction. There is no parallel state court proceeding, and a federal court declaration would resolve uncertainty as to the underlying insurance coverage. See Osenbach v. Allstate Fire & Cas. Ins. Co., No. 14-5800, 2015 WL 5655673, at *3 (E.D. Pa. Sept. 25, 2015).[6]

The remaining Reifer factors, however, either weigh in favor of declining to retain jurisdiction or are neutral to exercising jurisdiction. For example, the second factor – convenience of the parties – is neutral because both the Court of Common Pleas of York County, Pennsylvania and the Middle District of Pennsylvania's Harrisburg courthouse are convenient forums to the parties and witnesses. Plaintiff resides in York County, Pennsylvania, the federal courthouse is located in neighboring Dauphin County, Pennsylvania, and the motor vehicle accident occurred in York County, Pennsylvania. (Doc. Nos. 1-2 at 3-4; 6 at 14-15)

As to the third factor, the public interest prong, neither party has identified a strong public interest in this particular dispute, which concerns a matter regulated by state statute. (Doc. No. 6 at 7-8, 14); Nationwide Ins. Co. v. Resseguie, 980 F.2d 226, 231 (3d Cir. 1992). The fourth factor, "the availability and relative convenience of other remedies," Reifer, 751 F.3d at 146, similarly weighs in neither direction. "[T]here are no other remedies aside from deciding

---

[6] "[T]he absence of pending parallel state proceedings militates significantly in favor of exercising jurisdiction, although it alone does not require such an exercise." Reifer, 751 F.3d at 144. In other words, "[a]lthough the absence of parallel proceedings weighs more heavily than the other factors, it does not create any presumption, rebuttable or not, that a court must retain jurisdiction." Westfield Ins. Co. v. Icon Legacy Custom Modular Homes & Icon Legacy, No. 15-539, 2015 WL 4602262, at *4 n.5 (M.D. Pa. July 30, 2015) (Brann, J.)

the matter here or remanding the case to the state court for determination." Osenbach, 2015 WL 5655673, at *4. The fifth and sixth factors do not weigh in favor or against retaining jurisdiction because there are no parallel state court proceedings. Id. The eighth factor is neutral because the parties do not dispute whether the insurer owes the insured a duty to defend.

Thus, absent an indication that the Reifer factors weigh strongly against or in favor of exercising jurisdiction, the Court is guided by "the state's interest in resolving its own law," Summy, 234 F.3d at 136, and the fact that no federal interest is furthered by deciding this case. Id.; Osenbach, 2015 WL 5655673, at *5. "[T]he state's interest in determining issues of state law [] weighs against exercising jurisdiction in declaratory judgment actions." Atl. Mut. Ins. Co. v. Gula, 84 F. App'x 173, 175 (3d Cir. 2003) (quoting State Auto Mut. Ins. Co. v. Toure, No. 02-7986, 2003 WL 22100875, at *1 (E.D. Pa. Aug. 7, 2003)). Here, the declaratory judgment action appears to raise disputed issues of state law regarding the enforcement of initial stacking waivers and UIM coverage. (Doc. Nos. 6 at 11-12; 7 at 11-12); see, e.g., Toner v. The Travelers Home & Marine Ins. Co., 2016 Pa. Super 69 (Pa. Super. Ct. Mar. 21, 2016) (Shogan, J., dissenting). The Court is reluctant to exercise DJA jurisdiction in light of the developing nature of the state law. Reifer, 751 F.3d at 147. Accordingly, the Court will decline to exercise jurisdiction in this case.

### III.   CONCLUSION

For the reasons discussed above, the Court will grant Plaintiff's motion to remand and decline to exercise the Court's jurisdiction under the Declaratory Judgment Act. An order consistent with this memorandum follows.